# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS J. MARTIN, SR.** | : | CIVIL ACTION NO. 1:09-CV-2332 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **WARDEN RAYMOND LAWLER, ATTORNEY GENERAL OF THE STATE\OF PENNSYLVANIA** | : | |
| **Respondents** | : | |

## MEMORANDUM

On November 27, 2009, petitioner Thomas J. Martin, Sr. ("Martin"), an inmate presently confined at the State Correctional Institution at Huntingdon, Huntingdon, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Therein, he attacks his convictions for Former Convict Not to Own Firearm in violation of 18 PA. CONS. STAT. ANN. §6105, Criminal Mischief in violation of 18 PA. CONS. STAT. ANN. §3304, and Theft From a Motor Vehicle in violation of 18 PA. CONS. STAT. ANN. §3934. Respondents move to dismiss the petition as untimely. (Doc. 14.) Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court concludes that the petition is subject to dismissal because it is not timely filed. See 28 U.S.C. § 2244(d).

**I.     Background**[1]

Following a jury trial in the Court of Common Pleas of Schuylkill County, petitioner was found guilty of Former Convict Not to Own Firearm in violation of 18 PA. CONS. STAT. ANN. §6105, Criminal Mischief in violation of 18 PA. CONS. STAT. ANN. §3304 and Theft From a Motor Vehicle in violation of 18 PA. CONS. STAT. ANN. §3934 on June 21, 2003. (Doc. 1, at 1.) He was sentenced to a term of imprisonment of 3 ½ to 7 years on March 25, 2003. (Id.) Shortly thereafter, he filed post trial motions, which were denied on June 24, 2003. (Court of Common Pleas Electronic Docket Sheet, CP-54-CR-0000984-2000, at 23-24.)

On July 16, 2003, he filed a direct appeal with the Superior Court of Pennsylvania. (Id. at 25.) On May 10, 2004, the superior court affirmed his conviction and judgment of sentence. (Superior Court of Pennsylvania Electronic Docket Sheet, 1160 MDA 2003, at 3.) He filed a timely Petition for Allowance of Appeal with the Supreme Court of Pennsylvania, which was denied on December 29, 2004. (Supreme Court of Pennsylvania Electronic Docket Sheet, 226 MAL 2008.) He did not pursue further relief in the United States Supreme Court.

Rather, on May 26, 2005, he filed a timely petition for post-conviction collateral relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Court of Common Pleas Electronic Docket Sheet, CP-54-

---

[1]Electronic docket sheets were obtained from http://ujsportal.pacourts.us/.

CR-0000984-2000, at 27.) The petition was denied on December 12, 2008. (Superior Court of Pennsylvania Electronic Docket Sheet, 86 MDA 2007, at 2.) An appeal was filed in the Pennsylvania Superior Court. The PCRA court's order was affirmed on March 5, 2008. (Id. at 4.) He sought further review in the Pennsylvania Supreme Court. On August 26, 2008, the supreme court denied his petition for allowance of appeal. (Supreme Court of Pennsylvania Electronic Allocatur Docket Sheet, 226 MAL 2008.)

Martin filed a second PCRA petition on April 21, 2008. (Court of Common Pleas Electronic Docket Sheet, CP-54-CR-0000984-2000, at 48.) On June 26, 2008, the second PCRA was quashed. (Id. at 51.) An appeal was taken to the superior court. (Id.) The appeal was quashed in that it was "Disposed Before Decision," on February 13, 2009. (Superior Court of Pennsylvania Electronic Docket Sheet, 1386 MDA 2008, at 3-4.) He filed a petition for allowance of appeal, which the supreme court treated as a petition for review. The petition for review was denied on October 22, 2009. (Supreme Court of Pennsylvania Electronic Miscellaneous Docket Sheet, 155 mm 2009, at 3.)

The present federal petition was filed in this court on November 27, 2009. (Doc. 1.)

**II.    Discussion**

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United

3

States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Martin was sentenced on March 25, 2003. His judgment became final on March 29, 2005, when his time to seek United States Supreme Court review of his direct appeal proceedings expired. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on November 27, 2009, appears to be untimely. However, the Court's

4

analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

## A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the limitations period was tolled on May 26, 2005, when Martin filed his PCRA petition. The statute of limitations had run, however, from March 29, 2005, until May 26, 2005, meaning that approximately 59 days of the one-year period had elapsed before Martin's PCRA filing. The period remained tolled until August 26, 2008, the date on which the Pennsylvania Supreme Court denied his petition for allowance of appeal. At that time he had 306 days remaining in which to file his federal petition. The 306 days expired on or about June 28, 2009. His federal petition was filed on November 27, 2009, after the expiration of the limitations period.

On April 21, 2009, Martin filed a second PCRA petition while his first PCRA was still pending before the Pennsylvania Supreme Court. However, this second PCRA action did not extend the time for seeking federal habeas corpus relief because it was rejected by the state courts as untimely and, as such, is not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir. 2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); Merritt v. Blaine, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003)

5

(finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

### B. Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim,

6

see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Martin does not allege that he was misled by either the Commonwealth or state courts regarding his claim, or that he timely asserted his rights mistakenly in the wrong forum. Nor does he state that he was prevented, in some extraordinary way, from asserting his rights. Based on the foregoing, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

### III. **Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

An appropriate order follows.

### IV. **Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

      S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge

Dated:       April 28, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS J. MARTIN, SR.** | : | CIVIL ACTION NO. 1:09-CV-2332 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN RAYMOND LAWLER, ATTORNEY GENERAL OF THE STATE\OF PENNSYLVANIA** | : | |
| Respondents | : | |

## **ORDER**

AND NOW, this 28th day of April, 2010, upon consideration of the petition for writ of habeas corpus, and in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Respondents' motion to dismiss the petition as untimely (Doc. 14) is GRANTED. The petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred by the statute of limitations. See 28 U.S.C. § 2244(d).

2. There is no basis for the issuance of a certificate of appealability. 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to CLOSE this case.

                                              S/ Christopher C. Conner
                                              CHRISTOPHER C. CONNER
                                              United States District Judge